Post et al., Appellants, v. The Registrar of Property, Respondent.

Appeal from a decision of the Registrar of Property of San Juan, Section 1.

No. 126.—Decided March 5, 1913.

Power of Attorney—Construction.—Powers of attorney should be construed restrictively in order that what the principal authorized for his profit and benefit shall not result in the reverse.

Id.—Lease—Corporations—Trustees.—According to the fifth clause of its charter the trustees of the Fajardo Sugar Growers' Association are not em-

powered to execute a contract of lease, and not possessing that power, they cannot confer it upon their attorney in fact, Jorge Bird Arias.

LEASE—TRUSTEES—DIRECTORS—CORPORATIONS.—The trustees of the Fajardo Sugar Growers' Association not being empowered as such to execute this contract of lease, it is of no importance so far as the decision of this appeal is concerned that they are at the same time directors of that corporation and may make leases as such.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for appellants.

The registrar did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed in the town of Fajardo on June 17, 1911, Julio Veve Román and his wife, Juana Fernández García, leased a farm owned by them and situated in the municipal district of Río Grande to James H. Post, James Bliss Coombs and Lorenzo D. Armstrong as trustees of The Fajardo Sugar Growers' Association, represented by Jorge Bird Arias, for a term of 10 years, beginning May 15 of the said year and ending on the same day of the same month of the year 1921.

The power of attorney under which Jorge Bird Arias executed the lease had been conferred upon him by James H. Post, James Bliss Coombs and Lorenzo D. Armstrong as trustees of The Fajardo Sugar Growers' Association by a public instrument executed in the city of New York on April 22, 1911, before Notary Public John S. Keith and duly authenticated before William F. Schneider, clerk of the county of New York, wherein Bird Arias was given power to grant and accept leases on properties in the name of said trustees for the benefit of The Fajardo Sugar Growers' Association and to have the titles recorded in the registry of property.

Upon presentation of the foregoing instrument in the Registry of Property of San Juan, Section 1, the registrar refused to admit it to record on the grounds set forth in the following decision:

"The admission of the foregoing instrument to record is denied because of the following defects: 1. In the power of attorney given

to Jorge Bird Arias no mention is made of the charter or indenture of the corporation or company giving such power or of its place of residence for which reason it is impossible to ascertain whether or not this is the same company in whose favor or in whose representation the lease is made. 2. Because the power was given by the principals in representation of The Fajardo Sugar Growers' Association, an 'association not incorporated,' and in the lease another appears to be represented which under the same name is said to be a 'private commercial partnership.' 3. Because the said power was given by said James H. Post, James Bliss Coombs and Lorenzo D. Armstrong as trustees of the said unincorporated company and the lease is made in favor of said persons as such trustees instead of in favor of the corporation or company in whose name the right transferred should be recorded according to the laws of Porto Rico. In lieu thereof a cautionary notice is entered for the period of four months on page 49, over, of volume 8 of Río Grande, estate No. 737, entry letter A, setting forth the defects temporarily considered as remediable, but which may result incurable if James H. Post, James Bliss Coombs and Lorenzo D. Armstrong fail to prove the capacity, representation and powers under which they have executed the power of attorney in favor of Jorge Bird Arias as well as the legal existence of the said corporation or company of New York, together with its powers according to its articles of incorporation registered in the office of the Secretary of Porto Rico or its contract of copartnership recorded in the mercantile registry of the district. San Juan, Porto Rico, June 18, 1912. José S. Belaval, registrar.''

Upon the presentation of the lease a second time to the registrar, together with the power of attorney referred to and the charter of The Fajardo Sugar Growers' Association executed in the City of New York on August 30, 1909, and registered in the office of the Secretary of Porto Rico, the registrar again refused to admit it to record on the following grounds:

''The correction of the defects solicited is not admitted because the document enclosed for the purpose is not sufficient inasmuch as clause 27 of the articles of incorporation of The Fajardo Sugar Growers' Association supports the view that the trustees had no power to represent the said corporation, and to record in its name

the lease entered into under the foregoing instrument.   San Juan, August 9, 1912.   José S. Belaval, registrar.".

This decision and that rendered on June 18, 1912, are submitted to our consideration in an administrative appeal taken by the trustees of The Fajardo Sugar Growers' Association.

From an examination of the lease, the power of attorney and the charter of The Fajardo Sugar Growers' Association it appears that the company referred to in the public instrument of August 30, 1909, is the same company in whose favor its trustees represented by Jorge Bird Arias entered into a contract of lease with Julio Veve Román and his wife, Juana Fernández García, for although in the power of attorney the company is said to be unincorporated and in the lease it is called a private partnership, the name, The Fajardo Sugar Growers' Association, is identical in both documents and the trustees making the lease through Jorge Bird Arias are the same three trustees whose names appear in clause 6 of the articles of copartnership.   Therefore it is the same legal entity or artificial person.

But the lessee trustees had no authority to enter into said contract of lease as such trustees of The Fajardo Sugar Growers' Association, because their powers are specified in clause 5 of the articles of copartnership, and by said clause they are authorized only to contract mortgages with the consent of two of the three members of the board of directors.   They are not given general contracting powers, and therefore they have no power to make a contract of lease.   A delegation of powers should always be construed restrictively so that what the principal authorized for his benefit shall not result in the reverse.   *Fanó* v. *The Registrar of Property,* 15 P. R. R., 313;   *López Landrón* v. *The Registrar of Property,* 15 P. R. R., 703.

If the trustees of The Fajardo Sugar Growers' Association have no power to enter into a contract of lease, its attorney in fact, Jorge Bird Arias, cannot have such power for

the reason that *nemo dat quod non habet.* The power of attorney is a delegation of the personality of the principal, and it is impossible to delegate a personality which does not exist.

It matters little that the board of directors of The Fajardo Sugar Growers' Association.is composed of the same persons who have been appointed as trustees of that corporation, for they took the lease as trustees and not as directors of the company, it being of little concern for the purposes of deciding this case .what may be their powers as directors.

Clause 27 of the charter of The Fajardo Sugar Growers' Association is not applicable to the case, nor is clause 37, which is perhaps the one that the registrar intended to refer to.

For the foregoing reasons the decision of the registrar dated August 9, 1912, from which this appeal was taken, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.